UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID LEE WILLIAMS,<br><br>                        Plaintiff,<br>   v.<br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>                        Defendant. | Case No. 2:17-cv-02095-RFB-PAL<br><br>ORDER |

This matter is before the court on Plaintiff David Lee Williams' ("Williams") failure to comply with the court's Order (ECF No. 3). This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

Williams is proceeding in this action *pro se*. He submitted an Application to Proceed *In Forma Pauperis* (ECF No. 1) and a complaint (ECF No. 4). The court issued an Order (ECF No. 3) on January 29, 2019, denying without prejudice Williams' permission to proceed *in forma pauperis*. The court also found that the proposed complaint failed to comply with LR IA 10-2 governing the required format for court filings. The order allowed Williams to: (1) file a completed IFP application or pay the $400 filing fee by **March 1, 2019**; and (2) file an amended complaint by **March 1, 2019**.

The order warned Plaintiff that his failure to 1) submit a completed IFP application **or** pay the $400 filing fee by March 1, 2019, and 2) submit an amended complaint on the correct form by March 1, 2019, would result in a recommendation to the district judge that this case be dismissed. To date, Plaintiff has not filed an IFP or paid the $400 filing fee and has not filed an amended complaint. Plaintiff has also not requested an extension of time or taken any other action to prosecute this case.

Furthermore, the order was returned to the court on February 14, 2019 marked as "No new address available; Unable to remail," which means that Williams has not kept the court apprised of his current address as required by LR IA 3-1.  LR IA 3-1 states:

> An attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number.  The notification must include proof of service on each opposing party or the party's attorney.  Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court.

Accordingly,

**IT IS RECOMMENDED** that:

1. Plaintiff's Complaint (ECF No. 4) be DISMISSED without prejudice unless Williams: 1) submits a completed IFP application **or** pays the $400 filing fee by **April 5, 2019**, and; 2) files an amended complaint on or before **April 5, 2019**.

2. The Clerk of the Court be instructed to close the case and enter judgment accordingly.

Dated this 7th day of March 2019.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit.  Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment.  *See* Fed. R. App. Pro. 4(a)(1).  Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service.  *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72.  The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found

1   in LR 7-3(b). The parties are advised that failure to file objections within the specified time may
2   result in the district court's acceptance of this Report of Findings and Recommendation without
3   further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition,
4   failure to file timely objections to any factual determinations by a magistrate judge may be
5   considered a waiver of a party's right to appellate review of the findings of fact in an order or
6   judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th
7   Cir. 1991); Fed. R. Civ. Pro. 72.